THE PEOPLE, *ex rel.* The New Loan Officers of the county of ULSTER, against the supervisors of the county of DELAWARE.

Delaware county was erected by an act of 10th March, 1797, from Ulster and Otsego. The act providing that deficiencies on mortgages to the new loan officers of Ulster, of lands situated in that part of Delaware taken from Ulster, should be paid by tax on the inhabitants of that part, &c. *held,* that, to determine the deficiency, the loan officers of Ulster were not bound either to advertise or sell in Delaware ; but might do both in Ulster.

By the defendant's return to an alternative mandamus, requiring them to show cause why they should not raise certain moneys in arrear on a mortgage executed by John Moore, for $750, to the new loan officers of Ulster county, May 5th, 1795, on lands then in Ulster, but now in that part of Delaware county which was taken from Ulster, it appeared that the principal, and one year's interest, being due in May, 1823 ; and default being made in the payment

of that interest, the lands were advertised and sold in Ulster county, for $500. The new loan officers of Ulster certified the balance to the supervisors of Delaware, who refused to levy it, on the ground that the proceedings of the new loan officers, as to the sale, were irregular.

NEW YORK,
May, 1826.

The People
v.
Supervisors of
Delaware.

The county of Delaware was erected from the counties of Ulster and Otsego, by the act of March 10th, 1797. (3 Greenleaf's ed. Laws, 394, sess. 20, ch. 33.)

*L. Munson* and *S. Sherwood*, for the defendants insisted that the lands should have been advertised for sale in the county of Delaware and cited the statute, (sess. 15, ch. 25, s. 15, 2 Greenleaf's ed. Laws, 406,) and *Dunning* v. *Smith*, (3 John. Ch. Rep. 341.)

*C. H. Ruggles*, for the plaintiffs, cited 2 Greenleaf's ed. Laws. 405, s. 13, and *King* v. *Stow*, (6 John. Ch. Rep. 333.)

*Curia*, per SAVAGE, Ch. J. The act cited, setting off the county of Delaware from Ulster and Otsego, provides, (3 Greenleaf, 396,) that all losses which may arise, from deficiencies on loans by the loan officers, made on lands mortgaged and which are situated in the county of Delaware shall be borne and paid in the manner following, that is to say : such deficiency as shall arise from lands mortgaged while part of the county of Otsego, shall be borne by the inhabitants of that part of the county of Delaware taken from the county of Otsego; and the like rule shall prevail as to any deficiency which may arise on loans made by the loan officers of the county of Ulster. And the loan officers of Ulster and Otsego, respectively, were required to certify the deficiency to the supervisors of Delaware, who were required to levy and collect it on the principle mentioned in the act.

The supervisors rest their objection on the fact, that the sale was not advertised and made in Delaware county; and they rely on the act of the 14th of March, 1792, (sess. 15, ch. 25, s. 15, 2 Greenleaf, 406,) under which this loan was made ; which requires the notice to be given, and the sale to be made in the county where the mortgaged premises are situated But I apprehend this must be taken

NEW YORK,
May, 1826.

in reference to the then organ zation of the counties.    Several counties have been erected from parts of Ulster, since this act passed.    The loan officers are required to advertise all sales for the same day ; and surely it was not intended that they should advertise in each of those counties; and sell in each of them at the same time.    Albany county, now, has mortgages in Saratoga, Schenectady, Greene, Columbia and Rensselaer ; and the sales are to be on the third Tuesday of September in each year.    It is impossible to comply with the construction contended for by Delaware. The legislature did not intend that these loan officers should act out of their proper counties.

The loan officers are to proceed precisely as if no separation had taken place, until a deficiency happens.    Then they are to certify the deficiency to the supervisors of Delaware, who are to cause it to be raised according to the directions of the act of 1797.

In this view, the loan officers have been regular.    The return therefore, showing no sufficient cause, a peremptory mandamus must be granted.

Rule accordingly.